UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GERALD HOWARD AND
GLORIA HOWARD                                                                                    PLAINTIFFS

VS.                                                              CIVIL ACTION NO. 3:13cv229-DPJ-FKB

HYUNDAI MOTOR AMERICA                                                                  DEFENDANT

ORDER

This car-wreck case is before the Court on Defendant Hyundai Motor America's Motion for Summary Judgment [8]. In response, Plaintiffs have filed their two-page Answer to Motion for Summary Judgment [10] ("Response"). The Court, having considered the parties' submissions and the applicable law, finds that Defendant's motion should be granted.

I.   Background

On July 7, 2007, Plaintiffs Gerald and Gloria Howard were involved in a single-car accident while operating their 2006 Hyundai Sonata. Nearly five years later, on July 5, 2012, Plaintiffs filed suit in state court alleging negligence, products-liability, and breach-of-warranty claims. *See Howard v. Hyundai Motor Am.*, No. 3:12-cv-590-DPJ-FKB. That case was removed to federal court, and eventually dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with a court order. *Id.*, Order [9] (Jan 14, 2013).[1] Alleging the same claims, Plaintiffs refiled their Complaint [1] in this Court on April 16, 2013. Defendant has moved for summary judgment asserting that all of Plaintiffs' claims are untimely, or in the alternative that Plaintiffs have previously settled and released all

---

[1]The Court also denied Plaintiffs' subsequent motion to reopen and noted that the claims appeared to be time barred. *Id.*, Order [15] (Apr. 12, 2013).

possible claims and otherwise have failed to state a warranty claim.  The Court has subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).   When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted).

But factual controversies are to be resolved in favor of the nonmovant, "only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  Significant to the present motion, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093,

1097 (5th Cir. 1993).  The 2010 amendments to Rule 56 make this clear.  Pursuant to Rule 56(c)(1), a party asserting that a fact "is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."  Plaintiffs have not complied with these rules.

III.     Analysis

    A.     Motion for Summary Judgment

Defendant contends, among other things, that Plaintiffs' claims are time barred.  Plaintiffs fail to show otherwise.  Under Mississippi law, both negligence and products-liability claims are governed by the general three-year statute of limitations.  Miss. Code Ann. § 15-1-49; *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 836 (Miss. 2010) (applying section 15-1-49 to products-liability claim).  Further, state-law breach-of-warranty claims against automobile manufacturers are barred six years from the date of delivery of the vehicle unless the warranty "explicitly extends to future performance of the goods."  Miss. Code Ann. § 72-2-725; *Forbes v. Gen. Motors Corp.*, 993 So. 2d 822, 824–25 (Miss. 2008); *see also Estate of Hunter v. Gen. Motors Corp.*, 729 So. 2d 1264, 1277 (Miss. 1999).

In this case, the negligence and products-liability claims stem from the July 7, 2007 car accident.  The applicable three-year limitations period for those claims ran on July 7, 2010, well before this suit—or the preceding action—was filed, so those claims must be dismissed.  As to Plaintiffs' breach-of-warranty claim, Defendant has submitted unrebutted evidence showing that Plaintiffs purchased their vehicle on June 29, 2006, and argues that Plaintiffs' warranty claim expired six years later on June 29, 2012.  Def.'s Mot. [8] Ex. 9, Certificate of Title; *see also id.*,

Ex. 7, Appl. for Certificate of Title; *id.*, Ex. 8, Odometer Statement. Plaintiffs baldly deny these averments and demand proof thereof, but they otherwise fail to address Defendant's timeliness argument in their Response or with record evidence. The Court therefore finds that Plaintiffs' breach-of-warranty claim expired June 29, 2012, and is untimely. The Court declines to address Defendant's alternative arguments.

   B.  Is Motion Premature

The only other issue Plaintiffs raise in their Response is the assertion that Defendant's motion "is prematurely filed." Pls.' Resp. [10] at 1. But Rule 56(b) states that "a party may file a motion for summary judgment at any time . . . ." And it is well established in the Fifth Circuit that "Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).[2]

IV. Conclusion

The Court has considered all of the parties' arguments and those not addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

---

[2]Plaintiffs do not appear to seek discovery under Federal Rule of Civil Procedure 56(d). But if they did intend that relief, the Response fails to comply with Local Rule 7(b)(3)(C), which precludes seeking relief in the body of a response. The request would likewise fall short under Rule 56(d) because there was no "affidavit or declaration" as the rule requires and no explanation how the discovery would address the basis for the motion. *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013); *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994). So to the extent Plaintiffs assert a Rule 56(d) motion, it is denied.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2013.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE